```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**CARRIE MOORE, Individually
and as Executrix of the
Estate of Leitha Moore,**

    **Plaintiff,**

**v.**                                        **CIVIL ACTION NO. 2:08-01011**

**ROANE COUNTY EMERGENCY SQUAD,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff Carrie Moore's motion to remand.  (Doc. No. 10.)  For the reasons set forth below, the motion is granted.

In February 2008, plaintiff filed this medical professional liability action in the Circuit Court of Roane County, West Virginia, against Carroll D. Christianson, M.D., and the Roane County Emergency Squad ("RCES"), for injuries that allegedly caused the death of her late daughter, Leitha Moore.  (Doc. No. 1 Ex. 1 at 5-10.)  On August 20, 2008, the United States removed the action to this court on the basis that Dr. Christianson was deemed an employee of the United States for purposes of the Public Health Service Act, 42 U.S.C. § 233(h).  (Doc. No. 1 at 1-2.)  As such, the government contended that the Federal Tort Claims Act ("FTCA") provides the exclusive remedy against Dr. Christianson.  (Id.)

Upon agreement by the parties, on September 30, 2008, the court substituted the United States for Dr. Christianson pursuant to 28 U.S.C. § 2679 and 42 U.S.C. § 233(g), and dismissed the United States due to plaintiff's failure to exhaust her administrative remedies under the FTCA.[*]  (Doc. No. 9.)  Consequently, the only claims remaining in this action are plaintiff's state law claims against defendant RCES.  (<u>See</u> Doc. No. 10.)

Under 28 U.S.C. § 1367(c)(3), a federal court may decline to exercise its supplemental jurisdiction over remaining state law claims where it has dismissed all of the claims that provided it with original jurisdiction.  The determination not to exercise supplemental jurisdiction in such a case is discretionary, and the Fourth Circuit Court of Appeals has made clear that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished."  <u>Shanaghan v. Cahill</u>, 58 F.3d 106, 110 (4th Cir. 1995).

The court is of the opinion that plaintiff's remaining claims would be more appropriately handled by a state court.

---

[*]   The United States had previously filed a motion to dismiss Dr. Christianson and to substitute the United States as defendant (Doc. No. 3), as well as a motion to dismiss for lack of subject matter jurisdiction (Doc. No. 5).  These motions were effectively granted by way of the September 30, 2008, Agreed Dismissal Order.  (Doc. No. 9.)

Accordingly, the court **GRANTS** plaintiff's motion to remand (Doc. No. 10), and, in an accompanying order, remands this action to the Circuit Court of Roane County.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record and to remove this matter from the court's active docket.

It is **SO ORDERED** this 16th day of October, 2008.

ENTER:

David A. Faber
United States District Judge

3